HENRY A. BLAKE, APPELLANT, *v.* RICHARD CROWLEY AND ISABELLA CORBETT, RESPONDENTS.

*Warrant to seize a chattel, in an action brought to foreclose a lien thereon — Code of Civil Procedure, sec. 1738 — construction of it.*

The provision contained in section 1738 of the Code of Civil Procedure, providing that where, in an action brought to foreclose a lien upon a chattel, a warrant to seize and detain the same is granted, " the provisions of title third of chapter seventh of this act apply to such a warrant and to the proceedings to procure it, and after it has been issued, as if it was a warrant of attachment, except as otherwise expressly prescribed in this article," was not intended to require the affidavit upon which the motion for a warrant is made to state that the claim is due over and above all counter-claims known to the defendant, as is required by section 636 of the said Code in the case of warrants of attachment.

APPEAL from an order made at the Westchester Special Term vacating and setting aside a warrant of attachment issued in this action.

In this action brought to foreclose a lien upon chattels as provided by section 1737 of the Code of Civil Procedure, a warrant of seizure was issued, directed to the sheriff of Niagara county, under which he seized the chattels. The case being noticed for trial, the defendants moved on the call of the calendar, without notice, to vacate the warrant upon the papers on which same was granted. The motion was granted on the ground that the affidavit was defective on which the warrant was issued. An order was entered thereupon, and this appeal is taken from so much of said order as vacates the warrant.

*Charles W. Seymour*, for the appellant.

*William J. Bulger*, for the respondents.

BARNARD, P. J. :

A warrant of seizure may be granted in cases of foreclosure of a lien upon a chattel, where the chattel is not in the possession of the plaintiff who has the lien. (Code of Civil Procedure, §§ 1737, 1738.)

The provision in section 1738, that the proceedings to procure the writ, and those after its procurement shall be similar to the provision in respect to attachment, was not intended to require the affidavit to state that the claim is above all counter-claim as in section 636 of the Code. This section only applies to attachments in actions to recover damages for breach of contract. There were three other cases in which attachments were proper, but it was only in cases for breach of contract that section 636 applied. Breach of contract has a definite meaning and does not include the foreclosure of a chattel mortgage, even though there was a failure to pay according to promises made. The affidavit is, therefore, sufficient. The action is not one in which the defendant Crowley can demand a trial by jury. Crowley assigned property to defendant Corbett, and she assigned it to plaintiff to secure Crowley's debt. The complaint avers that only a portion of this debt has been paid. An action at law cannot reach the proper remedy. The plaintiff is entitled to hold the chattel, to have the balance due on it adjusted and to a judgment to collect the amount due out of the proceeds of the chattel.

The order vacating the warrant should, therefore, be reversed and the case restored to the Special Term calendar for trial, with costs and disbursements.

PRATT, J., concurred; DYKMAN, J., not sitting.

Order vacating attachment, reversed with costs and disbursements.